UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **Jenna Combel, individually and on behalf of all others similarly situated**<br><br>　　　　**Plaintiff,**<br><br>　**VERSUS**<br><br>**GREAT INTERNATIONAL SUPPLY CHAIN MANAGEMENT CO, LTD.; GALAXY GAS, LLC; RA SHOP #6, LLC; RA SHOP 8, LLC; RA SHOP 14, LLC; RA SHOP, LLC D/B/A RA SHOP TOULOUSE; ORLEANS CENTER MARKET, LLC; MR BINKY'S INC. D/B/A MR. BINKY'S SUPERSTORE; MKM GROUP, LLC D/B/A SMOKE-N-STYLE; MAWAAL, LLC D/B/A VIP VAPES & PHONES; 420 VAPE & SMOKE SHOP, LLC; AL-AKABER CO. MOLASSES DISTRIBUTION 7 TRADING, LLC D/B/A 420 VAPE 7 SMOKE SHOP; THE MUSHROOM, INC.; DAHAB ENTERPRISES, LLC D/B/A UP IN SMOKE; CLOUD 9 NOLA, LLC; THE HERB IMPORT CO.; WEST METAIRIE DISCOUNT ZONE, LLC; G&A MART, LLC D/B/A 420 SMOKE & SPIRIT SHOP; TRIPLE A QUICK STOP, INC. D/B/A TRIPLE A FOOD MART; MUNCHIES SMOKE SHOP, LLC; PLUTO BRANDS, LLC; UNITED BRANDS PRODUCTS DESIGN DEVELOPMENT AND MARKETING D/B/A UNITED BRANDS CORPORATION; SWEET AND SOUR HOLDINGS, LLC; STM MANAGEMENT SP. Z. O.O.; IK DISTRIBUTIONS, LLC; ATLANTIC, INC. D/B/A COLLAPSAR USA INC.; DIMO HEMP, LLC**<br><br>　　　　**Defendants.** | **CIVIL ACTION NO. 2:25-CV-1252**<br><br>**DISTRICT JUDGE:**<br><br>**MAGISTRATE JUDGE:** |

**NOTICE OF REMOVAL**

**NOW COMES**, through undersigned counsel, Defendant, United Brands Products Design

Development and Marketing, Inc. d/b/a United Brands Corporation ("United Brands"), which

- 1 -

appears solely for the purpose of filing this Notice of Removal and reserve all rights, defenses, objections, exceptions, and claims they may have. In accordance with 28 U.S.C. §§ 1331, 1332, 1441, and 1446, United Brands hereby removes this civil action, which was pending as Case No. 2024-08559 in Division "E-1" of the Civil District Court for the Parish of Orleans, State of Louisiana (the "Action"), to the United States District Court for the Eastern District of Louisiana on the grounds that the Action is a class action pursuant to which this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

In support of this Notice of Removal, United Brands avers as follows:

## BACKGROUND

1.

On September 18, 2024, Plaintiff, Jenna Combel, filed her "Petition for Damages"[1] ("Original Petition") in the Civil District Court for Parish of Orleans, State of Louisiana.

2.

In her Original Petition, Combel alleged that twenty-one alleged tobacco stores, head shops, and distributors orchestrated an illicit nitrous oxide distribution ring to sell nitrous oxide for customers to use as an illicit drug. Original Petition, ¶¶ 14-29.

3.

Combel alleged that she first experimented with nitrous oxide in 2019, and her use of nitrous oxide increased over the next four years to the point where it was almost continuous. Original Petition ¶¶ 30-31.

4.

Combel alleged that she purchased GreatWhip and Galaxy Gas branded nitrous oxide

---

[1] *See* Exhibit A, at 1, *et seq.*

cannisters from several of the Defendant stores. Original Petition ¶ 31.

5.

Combel alleged that on November 6, 2023, she was rushed to the hospital because she could not speak coherently and was unable to move her arms and legs. She alleged further that she was diagnosed with a B12 deficiency due to use of nitrous oxide, which was causing her paralysis, and she remains unable to walk properly, has nerve damage, and has changes to her brain from the use of nitrous oxide. Original Petition ¶ 32.

6.

Combel brought claims for products liability and negligence and sought substantial damages for, *inter alia*, her past and future pain and suffering, past and future loss of enjoyment of life, past and future mental anguish, past and future loss of earning capacity, past and future medical costs, permanent disability, past and future emotional distress, general damages, special damages, costs, and attorneys fees. Original Petition ¶ ¶ 33 - 45.

7.

On April 1, 2025, Combel filed a "Revised Supplemental and Amended Petition for Damages and Class Action Petition,"[2] (the "Class Action Petition") which added class allegations and added additional defendants, including United Brands. Class Action Petition ¶ 2.

8.

In the Class Action Petition, Combel seeks to represent all members of the following class (the "Putative Class"):

> All persons in the State of Louisiana, their estates, representatives, and administrators who have suffered or continue to suffer bodily injury, including death, as a result of their recreational use of nitrous oxide products manufactured, distributed and/or sold by Defendants.

---

[2] *See* Exhibit A, at 141, *et seq*.

Class Action Petition ¶ 83.

9.

Combel, on behalf of the Putative Class, claims that the "Manufacturer Defendants," including United Brands, manufactured, distributed, and sold nitrous oxide to the "Retailer Defendants" (comprised of smokes shops, gas stations, and head shops), which then sold the nitrous oxide to recreational users across the United States, including in Louisiana, under various brand names. Class Action Petition ¶ ¶ 18-22.

10.

In the Class Action Petition, Combel, on behalf of the Putative Class, alleges that she purchased nitrous oxide products, or used nitrous oxide products purchased by others, from each of the Retailer Defendants. Class Action Petition ¶ ¶ 46-62.

11.

It is further alleged that there are a "substantial number of potential claimants." Class Action Petition ¶ ¶ 46-62.

12.

Combel, on behalf of the Putative Class, brings claims for products liability (inadequate warning), products liability (dangerous in design), and negligence. Class Action Petition ¶ ¶ 64-82.

13.

Combel, on behalf of the Putative Class, seeks substantial damages for, *inter alia*, past and future pain and suffering, past and future loss of enjoyment of life, past and future mental anguish, past and future loss of earning capacity, past and future medical costs, permanent disability, past and future emotional distress, general damages, special damages, costs, and attorneys fees. Class

Action Petition ¶ 103.

## **GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT**

13.

Removal of the Action is appropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

14.

Federal subject matter jurisdiction exists under CAFA because this is a class action in which there is minimal diversity between the parties, the class is comprised of over 100 members, and the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d).

**A. The Putative Class Exceeds 100 Members**

15.

CAFA requires that a proposed class consist of at least 100 persons, and the Class Action Petition alleges that the Class is comprised of a "substantial number" of people: "All persons in the State of Louisiana. . . who have suffered or continue to suffer bodily injury. . . as a result of their recreational use of nitrous oxide products manufactured, distributed, and/or sold by Defendants." Class Action Petition ¶ ¶ 83, 85.

16.

According to the United States Substance Abuse and Mental Health Services Administration, in 2018, approximately 12.5 million Americans over age 12 reported having used nitrous oxide.[3]

---

[3] Substance Abuse and Mental Health Services Administration (SAMHSA), *National Survey on Drug Use and Health,*
https://www.samhsa.gov/data/sites/default/files/reports/rpt29394/NSDUHDetailedTabs2019/NSDUHDetTabsSect1pe2019.htm (last visited June 6, 2025).

- 5 -

17.

According to the United States Substance Abuse and Mental Health Services Administration, in 2022, approximately 14 million Americans over age 12 reported having used nitrous oxide.[4]

18.

According to the United States Substance Abuse and Mental Health Services Administration, in 2023, approximately 13 million Americans over age 12 reported having used nitrous oxide.[5]

19.

The United States Census reports that Louisiana's population is 4,597,740, or about 1.35% of the US population of 340,110,988.[6]

20.

For the purposes of removal under CAFA, it is reasonable to make a common sense inference about the size of the class. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 822 (5th Cir. 2007) (providing that the district court can make a reasonable inference to determine the size of the class); s*ee also, e.g., Badeaux v. Goodell*, 358 F. Supp. 3d 562, 570 (E.D. La. 2019) (inferring the size of the class of Saints season ticketholders to be the number of seats at the Superdome); *Rowell v. Shell Chemical LP*, No. CIV.A. 14-2392, 2015 WL 3505118 (E.D. La. June 3, 2015) (relying on census data that 8,122 people reside in the area so that the number

---

[4] Substance Abuse and Mental Health Services Administration (SAMHSA), *National Survey on Drug Use and Health,* https://www.samhsa.gov/data/sites/default/files/reports/rpt42728/NSDUHDetailedTabs2022/NSDUHDetailedTabs2022/NSDUHDetTabsSect1pe2022.htm (last visited June 6, 2025).
[5] Substance Abuse and Mental Health Services Administration (SAMHSA), *Clickable Table of Contents 2023 National Survey on Drug Use and Health,* https://www.samhsa.gov/data/data-we-collect/nsduh-national-survey-drug-use-and-health/national-releases/2023 (last visited June 13, 2025).
[6] United States Census Bureau, *Louisiana Quick Facts*, https://www.census.gov/quickfacts/fact/table/LA/PST045224 (last visited June 6, 2025).

of actual plaintiffs in the class could reasonably be estimated to be in the thousands).

21.

It is plausible to infer that the number of people in the Class of "people in Louisiana" who used nitrous oxide is around 1.35% of the number of nitrous oxide users in the country, or 168,750 people in 2018, 189,000 people in 2022, and 175,500 people in 2023. Accordingly, the size of the Class exceeds the 100-member threshold to confer federal jurisdiction under CAFA.

**B. Minimal Diversity of Citizenship Exists**

22.

CAFA grants federal courts original jurisdiction over class actions where there is minimal diversity, meaning at least one putative class member is a citizen of a state different from at least one defendant. *See* 28 U.S.C. § 1332(d)(2).

23.

Combel is alleged to be a domiciliary of Louisiana. Class Action Petition, ¶ 1.

24.

Defendant United Brands is a California corporation with its principal place of business in San Francisco, California.

26.

Because at least one Defendant is diverse from named plaintiff Combel, the minimal diversity requirement is met. *See* 28 U.S.C. § 1332(d)(2)(A).

**C. The Amount in Controversy Exceeds $5 Million**

27.

To confer subject matter jurisdiction on this Court based upon diversity of citizenship, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs.

28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individuals comprising a putative class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold. 28 U.S.C. § 1332(d)(6). A defendant shows, by preponderance of the evidence, that the jurisdictional amount under 28 U.S.C. § 1332(d) is met when either (1) it is "facially apparent" from a reading of the complaint that the plaintiffs' claims are likely to exceed the applicable jurisdictional amount, or, (2) a removing attorney sets forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)

32.

CAFA also allows for common-sense inferences about the amount in controversy. *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (reversing remand order because it was more likely than not that the plaintiffs could satisfy the CAFA amount-in-controversy requirement); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (affirming district court's inference that hundreds of plaintiffs seeking punitive damages for a wide variety of harms allegedly caused by wanton and reckless conduct would satisfy the amount in controversy).

27.

United Brands denies that the Putative Class has suffered any damages. Nevertheless, based on the quantum of damages in other cases with similar injury allegations, the amount in controversy is met. In the Class Action Petition, the Putative Class asserts claims of a serious and ongoing nature and seek substantial damages for severe bodily injuries, including paralysis and death. Class Action Petition ¶¶ 90, 103.

28.

Furthermore, the Putative Class asserts the categories of damages that they have allegedly

sustained include:

>   (a) Past and future pain and suffering;
>
>   (b) Past and future loss of enjoyment of life;
>
>   (c) Past and future mental anguish;
>
>   (d) Past and future loss of earning capacity;
>
>   (e) Past and future medical costs;
>
>   (f) Permanent disability;
>
>   (g) Past and future emotional distress;
>
>   (h) All general damages in an amount to be determined according to proof at the time of trial;
>
>   (i) All special damages, including but not limited to medical expenses in an amount to be determined according to proof at the time of trial;
>
>   (j) Judicial interest from date of judicial demand until judgment is paid;
>
>   (k) Cost of the suit herein incurred;
>
>   (l) Attorneys fees;
>
>   (m) For such other and further relief that the Court may deem just and proper.

Class Action Petition ¶ 103.

29.

For damages similar to those claimed in this case, courts award significant sums. *See, e.g.*, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009) (affirming that jurisdictional amount was met when over 16,000 plaintiffs sought damages for their suffering, injuries to physical and mental health, emotional distress, mental anguish, expenses incurred by reason of illness, fear and apprehension of further exposure to chemicals, loss of enjoyment of life arising from a refinery fire); *Jones v. Capitol Enterprises, Inc.*, 11-0956 (La. App. 4 Cir. 5/9/12), 89 So.

3d 474 (affirming an award of $20,000 for physical pain and suffering, property damage, mental anguish, and nuisance to each plaintiff after a sandblasting project released significant amounts of silica, sand, dust, and other particles into the surrounding area); *Rowell v. Shell Chem. LP*, No. CIV.A. 14-2392, 2015 WL 3505118, at *4 (E.D. La. June 3, 2015) ("the severe injuries listed in Plaintiffs' alleged complaint are sufficient to support a finding that the jurisdictional amount has been met"). The severe injuries alleged and damages sought in the Class Action Petition are similar to the injuries and damages alleged in *In re 1994 Exxon Chemical Fire*, *Jones*, and *Rowell*, justifying this removal under the "facially apparent" standard set forth above in *Allen*.

29.

In addition, the Putative Class seeks attorneys fees. Under CAFA, the potential award of attorney's fees is to be aggregated along with the claims of the individual class members to determine the amount in controversy. 28 U.S.C. § 1332(d)(6); *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006).

30.

Due to the nature and extent of injuries claimed and damages sought, the number of potential class members, and the addition of potential attorneys fees, the amount in controversy exceeds $5,000,000 exclusive of interests and costs for purposes of CAFA, and the jurisdictional amount is satisfied.*.*

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

31**.**

The Class Action Petition was served on United Brands on May 21, 2025. United Brands is filing this Notice of Removal within thirty (30) days of such service. Therefore, this Notice of Removal is timely.

32.

Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice of Removal a copy of all process, pleadings, and orders in State Court to date.[7]

33.

Defendants have paid the mandatory filing fee of $400.00 for removal of this action.

34.

In compliance with 28 U.S.C. § 1446 (d), United Brands hereby certifies that this Notice of Removal is contemporaneously being served on Plaintiffs and a Notice to State Court of Filing of Notice of Removal is being filed in the Civil District Court for the Parish of Orleans, State of Louisiana.

35.

No previous application has been made for the relief requested herein.

36.

The United States District Court for the Eastern District of Louisiana embraces the locality in which the state court action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

**WHEREFORE,** Defendant United Brands Products Design Development and Marketing, Inc. respectfully requests that this Court assume jurisdiction over Plaintiff's claims and that this cause be removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted:

*/s/ Loretta G. Mince*

---

[7] *See* Exhibit "A."

Loretta G. Mince (La Bar No. 25796)
Maggie M. Daly (La. Bar No. 40331)
Fishman Haygood LLP
201 St. Charles Ave. # 4600,
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
lmince@fishmanhaygood.com
mdaly@fishmanhaygood.com

***Attorneys for Defendant, United Brands Products Design Development and Marketing, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2025, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system and by electronic mail.

*/s/ Loretta G. Mince*