UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JENNA COMBEL | CIVIL ACTION |
| VERSUS | NO. 25-1252 |
| GREAT INTERNATIONAL SUPPLY CHAIN MANAGEMENT CO., LTD, ET AL | SECTION "R" (3) |

## ORDER AND REASONS

Plaintiff Jenna Combel moves to dismiss without prejudice all class action claims and allegations she asserted in her complaint under Fed. R. Civ. P. 41(a)(2).[1] For the following reasons, the Court denies the motion.

As the class action had not yet been certified or proposed to be certified for the purposes of settlement, Court approval of the dismissal of the class action claims and allegations is not required by rule. Fed. R. Civ. P. 23(e) (requiring court approval of the voluntary dismissal of the claims, issues, or defenses of a certified class or a class proposed to be certified for the purposes of settlement); *see also Adams v. USAA Casualty Insurance Company*, 863 F.3d 1069, 1081-82 (noting that several courts have held that settlements or voluntary dismissals that occur before class certifications are outside the scope of Rule 23 and collecting cases).

---

[1] R. Doc. 40.

1

Combel's motion instead falls under Fed. R. Civ. P. 41(a). Rule 41(a) allows plaintiffs to voluntarily dismiss "an action." *Williams v. Seidenbach*, 958 F.3d 341, 344 (5th Cir. 2020). Under binding Fifth Circuit precedent, Rule 41 does not allow a plaintiff to dismiss individual claims. *Id.* (distinguishing between impermissible Rule 41(a) dismissals of individual claims and permissible Rule 41(a) dismissals of individuals defendants); *see also Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979). Other courts take a different view. *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 688 (9th Cir. 2005) (finding "no reason to make a distinction" between dismissals under Rule 15(a) and those under Rule 41(a)); *see also Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966); *Bragg v. Robertson*, 54 F. Supp. 2d 653 (S.D. W. Va. 1999); *Dirauf v. Berger*, 506 F. Supp. 3d 254, 263 (D.N.J. 2020); *Guzman-Fonalledas v. Hosp. Expanol Auxilio Mutuo*, 289 F. Supp. 3d 331, 333 (D.P.R. 2018).

Here, Combel purports to dismiss her class action claims under Fed. R. Civ. P. 41(a)(2) while leaving her individual claims intact. This is impermissible under the Fifth Circuit's Rule 41(a) precedent. The Judiciary has proposed an amendment to Rule 41(a) to allow voluntary dismissal of one or more of a plaintiff's claims, but that proposal is not ripe for adoption. Jud. Conf. Comm. Rules of Practice & Proc., *Proposed Amendments to the*

<008C>
<008C>

<008C>
<008C>

<008C>

<008C>

<008C>
<008C>
<008C>
<008C>
<008C>
<008C>

*Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure and the Federal Rules of Evidence* (Aug. 2025). The rationale for the proposed amendment is a persuasive one: permitting dismissal of one or more claims in a multi-claim case is consistent with the general policy favoring narrowing issues through pretrial proceedings, simplifying proceedings, and facilitating settlements. *See id.*

Regardless, this Court is bound by Fifth Circuit precedent. The Court therefore DENIES plaintiff's motion to dismiss without prejudice all class action claims.

New Orleans, Louisiana, this 2nd day of February, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE