UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JENNA COMBEL                                          CIVIL ACTION

VERSUS                                               NO. 25-1252

GREAT INTERNATIONAL SUPPLY                    SECTION "R" (3)
CHAIN MANAGEMENT CO., LTD,
ET AL

## ORDER AND REASONS

Plaintiff Jenna Combel moves to amend her complaint, withdrawing all class action claims and allegations and re-adding retailer defendants who were dismissed for lack of service.[1]  For the following reasons, the Court grants in part the leave to amend and remands Combel's remaining individual claims to state court.

## I.    LEAVE TO AMEND

Federal Rule of Civil Procedure 15 governs leave to amend. Under Federal Rule of Civil Procedure 15(a)(2), the court freely grants leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982) ("Rule 15(a) evinces a bias in favor of granting leave to amend," when justice so requires.). The decision to grant such leave is within

---

[1]      R. Doc. 68.

1

the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971).  However, leave to amend should not be granted automatically. *Addington v. Farmer's Elevator Mutual Insurance Co.,* 650 F.2d 663, 666 (5th Cir. 1981).  The Court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court finds that as to the class-action claims, the factors weigh toward granting leave to amend.  As the amendment seeks dismissal of claims, it will not cause delay.  There is no suggestion that Combel is acting in bad faith.  Futility analysis is inapplicable to the withdrawal of claims. Thus, the Court grants the motion to amend to withdraw the class action claims.

The Court finds that as to the re-addition of previously dismissed defendants, leave to amend is improper.  Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed," the Court must dismiss the action without prejudice as to that defendant.  Fed. R. Civ. P. 4(m).  Amending a complaint does not reset the 90-day service period as to the original defendants.  *See, e.g., Brait*

*Builders Corp. v. Massachusetts,* 644 F.3d 5, 9 (1st Cir. 2011); *Moore v. Walton*, 96 F.4th 616, 626 (3d. Cir. 2024); *Bolden v. City of Topeka, Kan.,* 441 F.3d 1129, 1148-49 (10th Cir. 2006); *see also* 4B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1137 Time Limit for Service, (4th ed. 2025).   Here, Combel seeks to amend the complaint to reset the 90-day service period as to original defendants who have since been dismissed under Rule 4(m) for lack of service.  The Court denies leave to amend to add these previously dismissed defendants.

Accordingly, the Court grants the motion to amend as to the withdrawal of the class claims only.

## II.    INDIVIDUAL CLAIMS

Having granted in part the motion to amend and therefore withdraw the class action claims, the remaining claims are Jenna Combel's individual claims.  The Court does not have subject matter jurisdiction to hear these claims.

The Court is obliged to ensure that it has subject matter jurisdiction, *sua sponte* if necessary.  *Freedom from Religion Foundation, Inc. v. Mack,* 49 F.4th 941, 949 (5th Cir. 2022).  Should the Court find that it lacks subject matter jurisdiction, it must remand the case to state court.  28 U.S.C. § 1332(a).

Of the methods of establishing federal subject matter jurisdiction, possibly relevant here are only federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction "extends to all actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court previously had federal question jurisdiction under the Class Action Fairness Act.[2] Absent the class claims, the Class Action Fairness Act no longer serves as a basis for subject-matter jurisdiction. Plaintiff's amended complaint makes no claims under the Constitution, laws, or treaties of the United States, and thus the Court does not have federal question jurisdiction.[3]

When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Diversity must be complete. Unless improperly joined, a plaintiff and a defendant who are citizens of the same state destroy complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

---

[2]     R. Doc. 1.

[3]     R. Doc. 68-2.

Domicile determines individual citizenship. *English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021). Plaintiff is domiciled in Louisiana and is therefore a citizen of Louisiana.[4] An L.L.C. has the citizenship of each state where its members reside. *Id.* Multiple members of defendant L.L.C.s are domiciled in Louisiana, and thus multiple defendants are citizens of Louisiana for diversity jurisdiction purposes.[5] As plaintiff and some defendants are citizens of Louisiana, the parties are not completely diverse. The Court, therefore, does not have diversity jurisdiction.

Absent any grounds on which to establish subject matter jurisdiction, this Court may not hear the case. The Court must remand the case to state court. 28 U.S.C. § 1332(a).

---

[4]    *Id.* at 1.
[5]    R. Doc. 68-2 at 2-5.

5

## III.  CONCLUSION

For the forgoing reasons, Combel's motion for leave to amend is GRANTED to withdraw the class action claims.  It is otherwise DENIED.  The case is REMANDED to state court.

New Orleans, Louisiana, this 7th day of April, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE